UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES W. TURNEY-BOZELL,<br><br>  Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC. *et al.*,<br><br>  Defendant. | 1:19-cv-02571-TWP-MJD |

CASE MANAGEMENT PLAN

**I.  Parties and Representatives**

  A. Parties

  Plaintiff:                                              Defendant[1]:
  James W. Turney-Bozell                      Equifax Information Services LLC

  B. Representatives

    For Plaintiff:                                      For Defendant:

**Nathan Charles Volheim**              Tameika L. Montgomery
**Taxiarchis Hatzidimitriadis**         Misty L. Peterson
Sulaiman Law Group, Ltd.               King & Spalding LLP
2500 South Highland Avenue, Suite 200   1180 Peachtree Street NE
Lombard, Illinois 60148                       Atlanta, GA 30309
Phone: 630-575-8181                         Tel: 404-572-4600
Fax: 630-575-8188                            Fax: 404-572-5100
Email: nvolheim@sulaimanlaw.com   tmontgomery@kslaw.com
Email: thatz@sulaimanlaw.com         mpeterson@kslaw.com

**II.  Jurisdiction and Statement of Claims**

---

[1] Litton Mortgage, Inc. has not been served with a copy of the Summons and Complaint. Plaintiff is currently working on serving them and will file an Amended Case Management Plan once Litton Mortgage, LLC has filed their appearance in the above captioned case.

    A.    Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

    B.    Plaintiff has brought a Complaint against Defendants which alleges violations of the Fair Credit Reporting Act ("FCRA") under 15 U.S.C. §1681p *et seq.* related to Defendants' credit reporting activity.

    C.    **Equifax Information Services, LLC's ("Equifax") Position:** Equifax is a consumer reporting agency, as that term is defined in the FCRA, and is regularly engaged in the preparation of consumer reports as defined by § 1681a(f). Equifax maintains reasonable procedures designed to assure the maximum possible accuracy of the information it reports about consumers. Equifax denies that it violated the FCRA in its handling of Plaintiff's dispute(s), if any, and that it is liable to Plaintiff in any manner whatsoever. Even if Plaintiff has suffered any compensable damages, Equifax is not responsible for the injuries of which Plaintiff complains and is without fault concerning all claims and theories upon which Plaintiff relies.

## III.    Pretrial Pleadings and Disclosures

    A.    The parties shall serve their Fed. R. Civ. P. 26 initial disclosures on or before **September 6, 2019**.

    B.    Plaintiff shall file preliminary witness and exhibit lists on or before **September 13, 2019**.

    C.    Defendant shall file preliminary witness and exhibit lists on or before **September 20, 2019**.

    D.    All motions for leave to amend the pleadings and/or to join additional parties shall be filed on or before **October 18, 2019**.

    E.    Plaintiff shall serve Defendant (but not file with the Court) a statement of special damages, if any, and make a settlement demand, on or before **September 13, 2019**. Defendant shall serve on the Plaintiff (but not file with the Court) a response thereto within 21 days after receipt of the demand. The parties shall forward copies of their settlement demands and responses when made to Magistrate Judge Dinsmore @ MJDinsmore@insd.uscourts.gov.

    F.    Except where governed by paragraph (G) below, expert witness disclosure deadlines shall conform to the following schedule: Plaintiff shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 10, 2019**. Defendant shall disclose the name, address, and vita of any expert witness, and shall serve the report required by Fed. R. Civ. P. 26(a)(2) on or before **October 24, 2019**; or if

        Plaintiff has disclosed no experts, Defendant shall make its expert disclosure on or before **October 24, 2019.**

G.     Notwithstanding the provisions of paragraph (F), above, if a party intends to use expert testimony in connection with a motion for summary judgment to be filed by that party, such expert disclosures must be served on opposing counsel no later than 90 days prior to the dispositive motion deadline. If such expert disclosures are served the parties shall confer within 7 days to stipulate to a date for responsive disclosures (if any) and completion of expert discovery necessary for efficient resolution of the anticipated motion for summary judgment. The parties shall make good faith efforts to avoid requesting enlargements of the dispositive motions deadline and related briefing deadlines. Any proposed modifications of the CMP deadlines or briefing schedule must be approved by the court.

H.     Any party who wishes to limit or preclude expert testimony at trial shall file any such objections on or before **February 28, 2020.** Any party who wishes to preclude expert witness testimony at the summary judgment stage shall file any such objections with their responsive brief within the briefing schedule established by S.D. Ind. L.R. 56-1.

I.     All parties shall file and serve their final witness and exhibit lists on or before **April 24, 2020**. This list should reflect the specific potential witnesses the party may call at trial. It is not sufficient for a party to simply incorporate by reference "any witness listed in discovery" or such general statements. The list of final witnesses shall include a brief synopsis of the expected testimony.

J.     Any party who believes that bifurcation of discovery and/or trial is appropriate with respect to any issue or claim shall notify the Court as soon as practicable.

K.     <u>Discovery of electronically stored information ("ESI")</u>. **The parties do not anticipate a large volume of ESI to be sought. To the extent that any ESI is sought, the parties agree that .pdf will be the format when applicable** and that recorded calls will be produced in their stored audio format.

        In the event that a document protected by the attorney-client privilege, the attorney work product doctrine or other applicable privilege or protection is unintentionally produced by any party to this proceeding, the producing party may request that the document be returned. In the event that such a request is made, all parties to the litigation and their counsel shall promptly return all copies of the document in their possession, custody, or control to the producing party and shall not retain or make any copies of the document or any documents derived from such document. The producing party shall promptly identify the returned document on a privilege log. The unintentional disclosure of a privileged or otherwise protected document shall not constitute a waiver of the privilege or protection with respect to that document or any other documents involving the same or similar subject matter.

    The parties believe that a protective order will likely be necessary regarding certain documentation requested and/or produced via discovery. The parties anticipate that if such an order is necessary regarding the production of confidential and proprietary information, then they will endeavor in good faith to execute an agreed confidentiality stipulation and/or protective order for approval by the Court.

**IV.**  **Discovery[2] and Dispositive Motions**

  A.  The parties anticipate filing cross-motions for summary judgment on the following issues: Whether Defendant's conduct violated the FCRA.

    Depending on the information obtained in discovery, Equifax anticipates filing a motion for summary judgment on the issues of liability and/or damages.

  B.  On or before **December 31, 2019** and consistent with the certification provisions of Fed. R. Civ. P. 11(b), the party with the burden of proof shall file a statement of the claims or defenses it intends to prove at trial, stating specifically the legal theories upon which the claims or defenses are based

  C.  Select the track that best suits this case:

    __X__ Track 2: Dispositive motions are expected and shall be filed by **February 25, 2020**; non-expert witness discovery and discovery relating to liability issues shall be completed by **December 24, 2019**; expert witness discovery and discovery related to damages shall be completed by **December 24, 2019**. All remaining discovery shall be completed by no later than **December 24, 2019.**

    <u>Absent leave of court, and for good cause shown, all issues raised on summary judgment under Fed. R. Civ. P. 56 must be raised by a party in a single motion.</u>

**V.**  **Pre-Trial/Settlement Conferences**

---

[2]The term "completed," as used in Section IV.B, means that counsel must serve their discovery requests in sufficient time to receive responses before this deadline. Counsel may not serve discovery requests within the 30-day period before this deadline unless they seek leave of Court to serve a belated request and show good cause for the same. In such event, the proposed belated discovery request shall be filed with the motion, and the opposing party will receive it with service of the motion but need not respond to the same until such time as the Court grants the motion.

At any time, any party may call the Judge's Staff to request a conference, or the Court may *sua sponte* schedule a conference at any time. The presumptive time for a settlement conference is no later than 30 days before the close of non-expert discovery. The parties are encouraged to request an earlier date if they believe the assistance of the Magistrate Judge would be helpful in achieving settlement. The parties recommend a settlement conference in **November 2019.**

VI. **Trial Date**

    The parties request a trial date in **August 2020**. The trial is by **jury** and is anticipated to take **two (2) days**.

VII. **Referral to Magistrate Judge**

    A. **Case**. At this time, all parties **DO NOT** consent to refer this matter to the currently assigned Magistrate Judge pursuant to 28 U.S.C. 636(b) and Federal Rules of Civil Procedure 73 for all further proceedings including trial.

    B. **Motions**. The parties may also consent to having the assigned Magistrate Judge rule on motions ordinarily handled by the District Judge, such as motions to dismiss, for summary judgment, or for remand. If all parties consent, they should file a joint stipulation to that effect. Partial consents are subject to the approval of the presiding district judge.

VIII. **Required Pre-Trial Preparation**

    A. **TWO WEEKS BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

        1. File a list of trial witnesses, by name, who are actually expected to be called to testify at trial. This list may not include any witnesses not on a party's final witness list filed pursuant to section III.I.

        2. Number in sequential order all exhibits, including graphs, charts and the like, that will be used during the trial. Provide the Court with a list of these exhibits, including a description of each exhibit and the identifying designation. Make the original exhibits available for inspection by opposing counsel. Stipulations as to the authenticity and admissibility of exhibits are encouraged to the greatest extent possible.

        3. Submit all stipulations of facts in writing to the Court. Stipulations are always encouraged so that at trial, counsel can concentrate on relevant contested facts.

        4. A party who intends to offer any depositions into evidence during the party's case in chief shall prepare and file with the Court and copy to all opposing parties either:

        a.    brief written summaries of the relevant facts in the depositions that will be offered.  (Because such a summary will be used in lieu of the actual deposition testimony to eliminate time reading depositions in a question and answer format, this is strongly encouraged.); or

        b.    if a summary is inappropriate, a document which lists the portions of the deposition(s), including the specific page and line numbers, that will be read, or, in the event of a video-taped deposition, the portions of the deposition that will be played, designated specifically by counter-numbers.

5.    Provide all other parties and the Court with any trial briefs and motions in limine, along with all proposed jury instructions, voir dire questions, and areas of inquiry for voir dire (or, if the trial is to the Court, with proposed findings of fact and conclusions of law).

6.    Notify the Court and opposing counsel of the anticipated use of any evidence presentation equipment.

B.    **ONE WEEK BEFORE THE FINAL PRETRIAL CONFERENCE, the parties shall:**

1.    Notify opposing counsel in writing of any objections to the proposed exhibits.  If the parties desire a ruling on the objection prior to trial, a motion should be filed noting the objection and a description and designation of the exhibit, the basis of the objection, and the legal authorities supporting the objection.

2.    If a party has an objection to the deposition summary or to a designated portion of a deposition that will be offered at trial, or if a party intends to offer additional portions at trial in response to the opponent's designation, and the parties desire a ruling on the objection prior to trial, the party shall submit the objections and counter summaries or designations to the Court in writing.  Any objections shall be made in the same manner as for proposed exhibits.  However, in the case of objections to video-taped depositions, the objections shall be brought to the Court's immediate attention to allow adequate time for editing of the deposition prior to trial.

3.    File objections to any motions in limine, proposed instructions, and voir dire questions submitted by the opposing parties.

4.    Notify the Court and opposing counsel of requests for separation of witnesses at trial.

**IX.     Other Matters**

      **None at this time.**

8

| | |
|---|---|
| s/ Nathan C. Volheim<br>Nathan C. Volheim, Esq. #6302103<br>Sulaiman Law Group, Ltd.<br>*Counsel for Plaintiff* | *s/ Tameika L. Montgomery*<br>Tameika L. Montgomery, Esq.<br>King & Spalding LLP<br>*Counsel for Defendant Equifax*<br>*Information Services LLC* |

***************************************************************************

|   |   |
|---|---|
|   | PARTIES APPEARED IN PERSON/BY COUNSEL ON _____ FOR A PRETRIAL/STATUS CONFERENCE. |
|   | APPROVED AS SUBMITTED. |
|   | APPROVED AS AMENDED. |
|   | APPROVED AS AMENDED PER SEPARATE ORDER. |
|   | APPROVED, BUT ALL OF THE FOREGOING DEADLINES ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | APPROVED, BUT THE DEADLINES SET IN SECTION(S) _____ OF THE PLAN IS/ARE SHORTENED/LENGTHENED BY _____ MONTHS. |
|   | THIS MATTER IS SET FOR TRIAL BY_____ ON _____. FINAL PRETRIAL CONFERENCE IS SCHEDULED FOR _____ AT \_\_\_\_\_.M., ROOM _____. |
|   | A SETTLEMENT/STATUS CONFERENCE IS SET IN THIS CASE FOR _____AT _____.M.  COUNSEL SHALL APPEAR:<br><br>_____ IN PERSON IN ROOM _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL FOR INITIATING THE CALL TO ALL OTHER PARTIES AND ADDING THE COURT JUDGE AT (\_\_\_\_) _____; OR<br><br>_____ BY TELEPHONE, WITH COUNSEL CALLING THE JUDGE'S STAFF AT (\_\_\_\_) _____; |
|   |   |

|  | DISPOSITIVE MOTIONS SHALL BE FILED NO LATER THAN _____ |
|---|---|

      Upon approval, this Plan constitutes an Order of the Court. Failure to comply with an Order of the Court may result in sanctions for contempt, or as provided under Rule 16(f), to and including dismissal or default.

**Approved and So Ordered.**

_____         _____
Date                                                          U. S. District Court
                                                                                           Southern District of Indiana