UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES W. TURNEY-BOZELL, | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT  1:19-cv-02571-TWP-MJD |
| EQUIFAX INFORMATION SERVICES, LLC, JP MORGAN CHASE BANK, N.A, and OCWEN LOAN SERVICING, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## FIRST AMENDED COMPLAINT

NOW comes JAMES W. TURNEY-BOZELL ("Plaintiff"), by and through his attorneys, Sulaiman Law Group, Ltd. ("Sulaiman"), complaining as to the conduct of EQUIFAX INFORMATION SERVICES, LLC ("Equifax"), JP MORGAN CHASE BANK, N.A ("Chase"), and OCWEN LOAN SERVICING, LLC ("Ocwen"), (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendants' violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA.  Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Southern District of Indiana, and a substantial portion of the events or omissions giving rise to the claims occurred within the Southern District of Indiana.

4. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a 56-year-old consumer residing in Carmel, Indiana, which lies within the Southern District of Indiana.

6. Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the State of Illinois.  Equifax's registered agent is located at 1550 Peachtree Street NW, Atlanta, Georgia.

7. Chase provides home equity loans secured by junior liens and prime mortgage loans.  Chase is a company organized under the laws of the State of New York, with its principal place of business located at 270 Park Avenue, New York, New York 10017.  Chase regularly uses mail, telephone, and credit reporting for the principal purpose of collecting debts from consumers on a nationwide basis, including consumers in the State of Indiana. Furthermore, Chase is a furnisher of credit information to the major credit reporting agencies, including co-Defendant Equifax.

8. Ocwen is a mortgage servicing company with its principal place of business located at 1661 Worthington Road, Suite 100, West Palm Beach, Florida and its registered agent located at 1201 Hays Street, Tallahassee, Florida. Ocwen is involved in the collection of debts owed to others and servicing mortgages across the country, including the state of Indiana. Ocwen is a furnisher of information to the major credit reporting agencies, including co-Defendant Equifax.

## FACTS SUPPORTING CAUSE OF ACTION

9. Several years ago, Plaintiff incurred various consumer debts with KeyBank, Litton Mortgage Service Center[1], Chase, and OneMain ("subject accounts").

10. Plaintiff eventually paid-off every outstanding balance owed on the subject accounts.

11. In early 2019, Plaintiff was looking to improve his credit, so he accessed his Equifax consumer report and noticed a wide-array of inaccuracies pertaining to the subject accounts.

12. For example, in spite of the fact that the subject accounts were paid in full, Equifax was continuing to report monthly terms with a "Scheduled Payment Amount" that was greater than $0.00, the amount actually owed on the subject accounts.

13. Consequently, on April 29, 2019, Plaintiff initiated a written credit dispute with Equifax. Specifically, Plaintiff requested that Equifax remove the erroneous credit reporting of the "Scheduled Payment Amounts" corresponding to the paid subject accounts.

14. Plaintiff sent this dispute letter, along with her driver's license and social security identification, to Equifax via certified U.S. mail.

15. Upon information and belief, KeyBank, Ocwen, Chase, and OneMain received notice of Plaintiff's dispute within five days of Plaintiff initiating the disputes with Equifax. *See* 15 U.S. Code §1681i(a)(2).

16. On or about May 15, 2019, Equifax responded by failing to reasonably investigate Plaintiff's credit dispute. Specifically, while Equifax correctly notated the subject accounts as "Closed," along with a zero balance, Equifax continued to falsely report a scheduled payment amount on each of the subject accounts, as seen below:

---

[1] Upon information, Litton Mortgage Service Center was subsequently acquired by Ocwen Loan Servicing, LLC.

>>> **We have researched the credit account. Account # - 10102588*** The results are: This creditor is currently reporting a zero balance for this account. This account is currently reporting as closed. If you have additional questions about this item please contact: If you have additional questions about this item please contact: **Keybank Na, 4910 Tiedeman Rd, Mailcode: OH-01-51-0562, Brooklyn, OH 44144  Phone: (800) 539-2968**

**Keybank Na**   4910 TIEDEMAN RD MAILCODE: OH-01-51-0562 BROOKLYN OH 44144 : (800) 539-2968

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10102588* | | 07/30/2010 | $7,640 | $0 | 60 | Monthly | 58 | Paid and Closed | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 05/02/2025 | $0 | $0 | 04/2015 | $697 | $152 | | 04/2015 | | $0 | | $0 | | 04/2015 |
| Status | | Type of Account | | Type of Loan | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Pays As Agreed | | Installment | | Auto | | Individual Account | | | | | | | |

ADDITIONAL INFORMATION:

Closed or Paid Account/Zero Balance

Auto

---

**Keybank Na**   4910 TIEDEMAN RD MAILCODE: OH-01-51-0562 BROOKLYN OH 44144 : (800) 539-2968

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10102855* | | 06/02/2014 | $11,233 | $0 | 61 | Monthly | 26 | Paid and Closed | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 08/31/2016 | $0 | $0 | 08/2016 | $7,600 | $229 | | 08/2016 | | $0 | | $0 | | 08/2016 |
| Status | | Type of Account | | Type of Loan | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Pays As Agreed | | Installment | | Unsecured | | Individual Account | | | | | | | |

ADDITIONAL INFORMATION:

Closed or Paid Account/Zero Balance

Unsecured

---

>>> **We have researched the credit account. Account # - 1849*** The results are: This creditor is currently reporting a zero balance for this account. This account is currently reporting as closed. If you have additional questions about this item please contact: **Litton MTG Service Center, 24 Greenway Plz # 712, Houston, TX 77046-2401**

**Litton MTG Service Center**   24 Greenway Plz # 712  Houston TX 77046-2401

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1849* | | 03/10/2006 | $544,000 | $0 | | Monthly | 3 | Paid and Closed | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 04/10/2012 | $0 | $0 | 10/2006 | $0 | $4,352 | | 10/2006 | | $0 | | $0 | | 10/2006 |
| Status | | Type of Account | | Type of Loan | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Pays As Agreed | | Mortgage | | Conventional Re Mortgage | | Individual Account | | | | | | | |

ADDITIONAL INFORMATION:

Closed or Paid Account/Zero Balance

---

>>> **We have researched the credit account. Account # - 41053073*** The results are: This creditor is currently reporting a zero balance for this account. This account is currently reporting as closed. If you have additional questions about this item please contact: **Chase MTG., 700 Kansas Lane, MC: La4-6945, Monroe, LA 71203  Phone: (800) 848-9136**

**Chase Home Lending**   PO BOX 24696 Columbus OH 43224-0696 : (800) 848-9136

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 41053073* | | 11/10/2005 | $27,548 | $27,600 | | Monthly | 36 | Paid and Closed | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 03/10/2012 | $0 | $0 | 09/2008 | $0 | $284 | | 09/2008 | | $0 | | $0 | | 09/2008 |
| Status | | Type of Account | | Type of Loan | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Pays As Agreed | | Line of Credit | | Home Equity Line Of Credit | | Individual Account | | | | | | | |

ADDITIONAL INFORMATION:

Closed or Paid Account/Zero Balance

---

>>> **We have researched the credit account. Account # - 1209044903420*** The results are: This creditor is currently reporting a zero balance for this account. This account is currently reporting as closed. If you have additional questions about this item please contact: If you have additional questions about this item please contact: **American General Finance, PO Box 50346, Indianapolis, IN 46250-0346**

**Springleaf Fin Srvcs**   PO Box 50346 Indianapolis IN 46250-0346

| Account Number | | Date Opened | High Credit | Credit Limit | Terms Duration | Terms Frequency | Months Revd | Activity Designator | | Creditor Classification | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1209044903420* | | 12/01/2009 | $5,983 | $0 | 36 | | 6 | Paid and Closed | | | |
| Items As of Date Reported | Balance Amount | Amount Past Due | Date of Last Payment | Actual Payment Amount | Scheduled Payment Amount | Date of 1st Delinquency | Date of Last Activity | Date Maj. Del. 1st Rptd | Charge Off Amount | Deferred Pay Start Date | Balloon Pay Amount | Balloon Pay Date | Date Closed |
| 06/01/2010 | $0 | $0 | 05/2010 | $165 | $165 | | 05/2010 | | $0 | | $0 | | |
| Status | | Type of Account | | Type of Loan | | Whose Account | | | Portfolio Indicator | | Portfolio Status | | |
| Pays As Agreed | | Installment | | Auto | | Individual Account | | | | | | | |

ADDITIONAL INFORMATION:

Refinanced

4

17. Despite having actual knowledge that Plaintiff no longer had a monthly scheduled payment amount, as Plaintiff paid the subject accounts in full, as well as after receiving Plaintiff's dispute, Defendants continued to incorrectly report the subject debt.

18. Any reasonable investigation engaged in by Defendants would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

19. The reporting of the KeyBank, Ocwen, Chase, and OneMain trade lines is patently inaccurate and materially misleading given the complete absence of any scheduled monthly payments between Plaintiff and these entities.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

20. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject accounts has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff has outstanding monthly payments impacting any ability to meet potential future obligations.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to his ability to regain a firm foothold on his creditworthiness, credit standing, and credit capacity.

22. As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, the loss of credit opportunity, certified mail expenses, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with his attorneys, tracking the status of his disputes, monitoring his credit file, and mental and emotional pain and suffering.

23. Due to the conduct of Defendants, Plaintiff was forced to retain counsel to correct the inaccuracies in his Equifax credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST CHASE)

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

26. Chase is a "person" as defined by 15 U.S.C. §1681a(b).

27. Chase is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

28. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

29. Chase violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

30. Chase violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

31. Had Chase reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, Chase wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

32. Chase violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

33. Chase violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

34. Chase violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

35. Chase failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

36. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Chase did not correct the errors or trade line to report accurately. Instead, Chase wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

37. A reasonable investigation by Chase would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

38. Had Chase taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

39. By deviating from the standards established by the debt collection industry and the FCRA, Chase acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

WHEREFORE, Plaintiff, JAMES W. TURNEY-BOZELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Chase to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT II - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST OCWEN)

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

42. Ocwen is a "person" as defined by 15 U.S.C. §1681a(b).

43. Ocwen is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

44. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

45. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

46. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Equifax and Plaintiff pursuant to 15 U.S.C. §1681i(a)(2).

47. Had Ocwen reviewed the information provided by Equifax and Plaintiff, it would have corrected the inaccurate representation as to monthly payments, and transmitted the correct information to Equifax. Instead, Ocwen wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

48. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation or reinvestigation of Plaintiff's dispute with Equifax.

49. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation or reinvestigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject account.

50. Ocwen violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information in Plaintiff's Equifax credit files.

51. Ocwen failed to conduct a reasonable investigation of its reporting of the subject account, record that the information was disputed, or delete the inaccurate information from Plaintiff's Equifax credit files within 30 days of receiving notice of the disputes from Equifax under 15 U.S.C. §1681i(a)(1).

52. Despite the blatantly obvious errors in Plaintiff's Equifax credit files, and Plaintiff's efforts to correct the errors, Ocwen did not correct the errors or trade line to report accurately. Instead, Ocwen wrongfully furnished and re-reported the inaccurate and misleading information after Plaintiff's dispute to Equifax.

53. A reasonable investigation by Ocwen would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information remains in Plaintiff's Equifax credit files.

54. Had Ocwen taken steps to investigate Plaintiff's valid disputes or Equifax's requests for investigation, it would have permanently corrected the erroneous and misleading credit reporting.

55. By deviating from the standards established by the debt collection industry and the FCRA, Ocwen acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

56. As stated herein, Plaintiff has been harmed by Ocwen's conduct.

WHEREFORE, Plaintiff, JAMES W. TURNEY-BOZELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing Ocwen to immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST EQUIFAX)

57. Plaintiff restates and realleges paragraphs 1 through 56 as though fully set forth herein.

58. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

59. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

60. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

10

61. At all times relevant, Plaintiff is a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

62. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

63. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

64. If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

65. Plaintiff provided Equifax with all relevant information in his April 29, 2019 request for investigation to reflect that he is no longer liable for the subject account, and thus, should not be responsible for a monthly scheduled payment amount.

66. Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject accounts with a scheduled payment amount, when in fact, Plaintiff was no longer obligated to pay on the subject account.

67. Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. Upon information and belief, Equifax prepared patently false and materially misleading consumer reports concerning Plaintiff.

68. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information in Plaintiff's credit files.

69. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to KeyBank, Ocwen, Chase, and OneMain. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to KeyBank, Ocwen, Chase, and OneMain regarding Plaintiff's dispute that Equifax received from Plaintiff.

70. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff with regard to the subject account.

71. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

72. Equifax violated 15 U.S.C. §1681i(a)(5)(B) by reporting disputed information without certification from KeyBank, Ocwen, Chase, and OneMain that the information was complete and accurate, and without sending notice of the re-reporting to Plaintiff.

73. Equifax knew that the inaccurate reporting of the subject account in Plaintiff's credit files under the KeyBank, Ocwen, Chase, and OneMain trade lines as having an erroneous monthly payment due would have a significant adverse impact on Plaintiff's credit worthiness and his ability to receive financing.

74. The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

75. Despite actual knowledge that Plaintiff's credit files contained erroneous information, Equifax readily sold Plaintiff's inaccurate and misleading reports to one or more third parties, thereby misrepresenting material facts about Plaintiff and, ultimately, Plaintiff's creditworthiness.

76. By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

77. It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

78. Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit files and reporting his credit information accurately.

79. Equifax has exhibited a pattern of refusing to correct errors in consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its significant responsibility to report accurate data on consumers.

80. As stated herein, Plaintiff has been harmed by Equifax's conduct.

WHEREFORE, Plaintiff, JAMES W. TURNEY-BOZELL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b.  An order directing that Equifax immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d.  Award Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;

f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g.  Award any other relief as this Honorable Court deems just and appropriate.

Dated: August 29, 2019                                     Respectfully submitted,

s/ Nathan C. Volheim (Lead Attorney)          s/Taxiarchis Hatzidimitriadis
Nathan C. Volheim, Esq. #6302103              Taxiarchis Hatzidimitriadis, Esq. #6319225
Counsel for Plaintiff                         Counsel for Plaintiff
Admitted in the Southern District of Indiana  Admitted in the Southern District of Indiana
Sulaiman Law Group, Ltd.                      Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200           2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                       Lombard, Illinois 60148
(630) 568-3056 (phone)                        (630) 581-5858 (phone)
(630) 575-8188 (fax)                          (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      thatz@sulaimanlaw.com

14